UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NORTH POINT TRANSPORTATION,

                            Plaintiff(s),              **ORDER**
                                                          CV 05-3523 (JS) (WDW)

     -against-

KRISIA ALEMAN CHAVEZ a/k/a
KRISIA ALEMAN, et al.,
                       Defendant(s).
-------------------------------------------------------------X

**WALL, Magistrate Judge:**

       This matter having been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with respect to entry of default and default damages, plaintiff shall serve and file papers in support of the motion by **June 5, 2006**. Any papers from the defendant(s) in opposition shall be served and filed by **June 19, 2006**. In regard to the motion for a default judgment, the plaintiff must address the issue raised by Judge Seybert in her referral to the undersigned, that is, whether or how the Commerce Clause provides subject matter jurisdiction in this matter.

       As to the default damages, the plaintiff is reminded that a default constitutes an admission of all well-pleaded factual allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1993). Thus, "'[a]lthough the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded.'" *Ann Taylor, Inc. v. Interstate Motor Carrier, Inc.*, 2004 U.S. Dist. LEXIS 18173, *7 (S.D.N.Y. Sept. 13, 2004) (quoting *Wong v. East River Chinese Restaurant,* 884 F. Supp. 663, 669 (E.D.N.Y. 1995)(additional citations omitted)).

In this regard, Federal Rule of Civil Procedure 55 provides that if, "in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages," that is, if the amount sought is not a sum certain, "the court may conduct such hearing or order such references as it deems necessary and proper . . ." Fed. R. Civ. P. 55(b)(2). A formal hearing is not necessary, but the District Court must ensure that there is "a basis for the damages specified in the default judgment," and must satisfy itself that the amounts sought are warranted. *Transatlantic Marine Claims Agency, Inc. v. M/V Hyundai Emperor,* 109 F.3d 105, 111 (2d Cir. 1997) (citing *Fustok v. ContilCommodity Servs., Inc.,* 873 F.2d 38, 40 (2d Cir. 1989)). The plaintiff must thus submit papers sufficient to meet those standards.

**Failure to provide testamentary and/or documentary support sufficient to satisfy the court that the damages sought are warranted will result in a recommendation that no damages be awarded.**

Counsel for plaintiff shall serve a copy of this order on defendant(s). It shall also serve a copy of its damages papers on defendant(s) and shall file, along with its supporting papers, proof of service of: (1) its supporting papers and (2) this order. Defendant(s) shall serve their opposition papers on counsel for plaintiff(s) and shall file opposition papers with proof of service with the Court.

Dated: Central Islip, New York  **SO ORDERED:**
      May 3, 2006

                                                 /s/ William D. Wall
                                                WILLIAM D. WALL
                                                United States Magistrate Judge